# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
AILEEN MERRILL SCHLISSEL, BAR
NO. 10981.

No. 71843

FILED

SEP 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Aileen Merrill Schlissel. Under the agreement, Schlissel admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding non-lawyer assistants), RPC 5.4 (professional independence of a lawyer), RPC 5.5 (unauthorized practice of law), RPC 7.1 (communications concerning a lawyer's services), RPC 7.2 (advertising), RPC 7.2A (advertising filing requirements), and RPC 8.4 (misconduct). The agreement provides for a four-year suspension, the payment of $34,233.25 in restitution, and the placement of $20,000 in trust in the event additional victims are identified.

Schlissel has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Schlissel opened and operated two separate national law firms to assist clients with loan modifications. She maintained a Nevada trust account and a virtual office in Nevada, but her physical office was located in California. She mailed advertisements concerning her law firms nationwide but failed to file those advertisements with the Nevada State Bar. She employed non-attorney

17-30359

"recruiters" who were compensated based on the number of people they were able to sign up for loan modification services and some of those recruiters told potential clients to stop paying their mortgages and use their mortgage payment to pay the firm's fees. Those recruiters often made false promises regarding how long the modification process would take and what the client's monthly mortgage payment or interest rate would be at the end of the process. Some of those recruiters also contacted clients directly before the clients ever reached out to either law firm. Further, some clients never spoke to an attorney throughout the entire loan modification process and only dealt with non-attorney staff members. Lastly, Schlissel used unearned client funds that she was holding in trust to pay payroll and overhead costs.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Schlissel violated duties owed to her clients (diligence, communication, fees, safekeeping property, and communications concerning a lawyer's services) and the profession (responsibilities regarding non-lawyer assistants, professional independence of a lawyer, unauthorized practice of law, advertising, and advertising filing requirements). Schlissel admitted that her misconduct was intentional. Schlissel's clients were harmed because they did not receive the loan modifications that were promised to them, they paid fees for services they did not receive, and they were provided legal advice from non-attorneys. The profession was harmed because Schlissel's unapproved advertising, unauthorized practice of law, and failure to properly supervise non-lawyer assistants was detrimental to the integrity and standing of the bar. The

panel found three aggravating circumstances (pattern of misconduct, multiple offenses, and vulnerability of victim) and three mitigating circumstances (absence of prior disciplinary record, personal or emotional problems, and cooperative attitude toward proceedings). SCR 102.5.

Based on the most serious instance of misconduct at issue, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2015) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is disbarment because Schlissel has admitted that her misconduct was intentional, *see id.* Standard 7.1 ("Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system."). In light of the mitigating circumstances, however, we conclude that the agreed-upon four-year suspension, instead of disbarment, is appropriate. The duration of the suspension along with the payment of restitution are sufficient to serve the purpose of attorney discipline – to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Thus, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Aileen Merrill Schlissel from the practice of law in Nevada for a period of four years

commencing from the date of this order.[1] Schlissel shall pay $34,233.25 in restitution and place another $20,000 in trust in the event that additional victims not accounted for in the calculated restitution come forward with valid claims for restitution. Schlissel shall also pay the costs of the disciplinary proceedings, plus fees in the amount of $2,500, within 30 days of the date of this order if she has not done so already. SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.        _____, J.
Douglas                                          Gibbons

_____, J.        _____, J.
Pickering                                        Hardesty

_____, J.        _____, J.
Parraguirre                                     Stiglich

cc:    Chair, Southern Nevada Disciplinary Board
       Aileen M. Schlissel
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court

---

[1]We note that Schlissel has been administratively suspended pursuant to SCR 212 since December 27, 2016. *In re: Application of CLE Board*, Docket No. 70519 (Order, December 27, 2016).